**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISAAC GARCIA, an individual, | No. 20-55414 |
| Plaintiff-Appellee, | D.C. No. 8:19-cv-01168-JVS-JDE |
| v. | |
| DANIEL O. ESCAMILLA, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| CITY OF SANTA ANA, a public entity; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Defendant Daniel O. Escamilla appeals pro se from the district court's order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his motion for reconsideration under Federal Rule of Civil Procedure 59(e) in plaintiff Isaac Garcia's § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Sch. Dist. No. 1J Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion in denying Escamilla's Rule 59(e) motion for reconsideration because Escamilla failed to demonstrate any basis for relief. *See id.* at 1262-63 (discussing when reconsideration is appropriate).

We reject as meritless Escamilla's contentions that the district court lacked original jurisdiction, or that plaintiff's state law claims against Escamilla should not have been tolled under 28 U.S.C. § 1367(d), *see* 28 U.S.C. § 1367(a), (c), (d) (providing circumstances under which district courts may assert or decline supplemental jurisdiction, and tolling state statutes of limitations for "any claim" asserted under this statute "while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period"). Escamilla's reliance on *Morris v. Giovan*, 242 P.3d 181 (Ariz. Ct. App. 2010) is misplaced.

**AFFIRMED.**

20-55414